Town, receiver of taxes of the village of Saratoga Springs. No opinion. Reargument ordered.

PEOPLE ex rel. ILLINGSWORTH v. COURT OF OYER AND TERMINER. (Supreme Court, Appellate Division, First Department. January 24, 1896.) Action by the people on the relation of Illingsworth against the court of oyer and terminer, etc. No opinion. Motion denied.

PEOPLE ex rel. KEENE, Respondent, v. BOARD OF SUP'RS OF KINGS COUNTY et al., Appellants. (Supreme Court, General Term, Second Department. December 2, 1895.) Application by Roswell W. Keene for a writ of mandamus to compel the board of supervisors of Kings county and the board of supervisors of Queens county to construct a bridge across Newtown creek. George F. Elliott, for appellant Kings county. F. H. Van Vechten, for appellant Queens county. Roswell W. Keene, respondent, in pro. per.

DYKMAN, J. This is an appeal by the defendants from the final order directing the issuance of a peremptory writ of mandamus commanding the defendants to construct a bridge across Newtown creek, at Maspeth avenue, at the joint expense of the two counties, within one year from the issuance of the writ. The proceeding was instituted to compel the construction and maintenance of a drawbridge across Newtown creek at Maspeth avenue. That creek is a tide-water navigable stream at that point, and forms the boundary line between the counties of Kings and Queens. There was formerly a bridge at that point, which was long since destroyed. The case was carried to the court of appeals upon a demurrer to the alternative writ, and it was there held that the facts alleged in the writ were sufficient to show that Maspeth avenue was a public highway, and that the bridge constituted a part of the same. The statute which controls the case is as follows: "But where such bridge shall stand in portions of the navigable tide waters of the state, forming at the point of crossing the boundary line of two counties, such expense shall be a joint and equal charge on the two counties in which the bridge is situated, and the supervisors in each of such counties shall apportion such expense among the several towns and cities." Laws 1892, c. 18, § 68. It was said by the court of appeals in this case that the duty imposed by the statute upon the boards of supervisors of the two counties is plainly demonstrative and mandatory, and not discretionary. Being a power conferred for the benefit of the public, it is imperative. People v. Board of Sup'rs of Queens Co., 142 N. Y. 277, 36 N. E. 1062; People v. Board of Sup'rs of Otsego Co., 51 N. Y. 401. The case has now been tried, and the following facts have been specifically found by the jury by direction of the court: First. That the relator is a citizen and freeholder of the state. Second. That Maspeth avenue is a public highway, extending from a point near Maspeth Hotel to a point near Bushwick Church, as it was laid out in 1836. Third. That Maspeth avenue did cross Newtown creek. Fourth. That Newtown creek is the boundary line between Kings and Queens counties. Thereupon application was made upon such findings and the other papers in the case for a peremptory writ of mandamus, and an order for its issuance was made. We concur with the trial judge in respect to the public character of Maspeth avenue. It has been a public highway for half a century. That creek had adhered to it through all its transmutations and changes.—The order should be affirmed, with costs.

PEOPLE ex rel. MITCHELL v. LONG et al. (Supreme Court, General Term, Second Department. December 2, 1895.) Action by the people on the relation of Anna Minott Mitchell, as administrator, etc., against Edward B. Long and others, composing the board of trustees of White Plains and others. No opinion. Order affirmed, with $10 costs and disbursements. DYKMAN, J., not sitting.

PEOPLE ex rel. POST v. BARᴿᴱᵀᵀ et al., Police Commissioners. (Supreme Court, General Term, Second Department. December 2, 1895.) Action by the people on the relation of Christopher Post against Clarence T. Barrett and others, commissioners of police of Richmond county. No opinion. Determination affirmed, with costs. All concur.

PEOPLE ex rel. UNITED VERDI COPPER CO. v. ROBERTS, Comptroller. (Supreme Court, General Term, Third Department. December 3, 1895.) Action by the people on the relation of the United Verdi Copper Company against James A. Roberts, as comptroller. No opinion. Writ of certiorari quashed, decision of comptroller affirmed, with $50 costs and disbursements.

PEOPLE ex rel. ZUCHSCHWERDT, Appellant, v. MARTIN et al., Respondents. (Supreme Court, General Term, First Department. December 18, 1895.) Action by the people on the relation of John G. Zuchschwerdt against James J. Martin and others. L. J. Grant, for appellant. F. M. Scott, for respondents. No opinion. Writ dismissed, with costs.

PHILLIPS v. BROOKLYN HEIGHTS R. CO. (Supreme Court, General Term, Second Department. December 2, 1895.) Action by Thomas H. Phillips, as administrator, etc., against the Brooklyn Heights Railroad Company. No opinion. Judgment and order affirmed, with costs. All concur.

PILGER, Respondent, v. CHOATE, Appellant. (Superior Court of Buffalo, General Term. July, 1895.) Action by William F. Pilger against Rufus M. Choate. No opinion. Judgment and order appealed from affirmed, with costs. TITUS, C. J., does not sit in this case.

POOLER, Respondent, v. NEW YORK EL. R. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. January 24, 1896.) Action by Margaret Pooler against the New York Elevated Railroad Company and